| | |
|---|---|
| BRUCE LEE GIPSON,<br><br>Plaintiff,<br><br>v.<br><br>WEST VALLEY DETENTION RISK MANAGEMENT, ET AL.,<br><br>Defendants. | Case No. EDCV 19-197-DDP (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I.

## **INTRODUCTION**

Bruce Lee Gipson ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 18 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **PLAINTIFF'S COMPLAINT**

On January 10, 2019, Plaintiff, who is currently incarcerated at West Valley Detention Center in California, constructively filed[1] a Complaint against defendants

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

Deputy A. Maldonado, Deputy J. Ayala, Sergeant Della Torre, Deputy Jane Doe, and Deputy John Doe[2] ("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.") 1. In the Complaint, Plaintiff alleges Defendants sexually harassed and abused him and retaliated against him in violation of the Eighth and First[3] Amendments. Id.

According to the Complaint, on or around May 18, 2017, defendant Maldonado made "sexual remarks about [Plaintiff's] buttocks [and made] clapping sounds" saying "why you mak[ing] that ass clap." Dkt. 1 at 3. On or around June 24, 2017, defendant Ayala, "upon escort[ing] [Plaintiff] to suicide watch . . . made the same remarks" saying "why you mak[ing] that ass clap." Id.

On or around November 26, 2017, Plaintiff attempted to file a grievance and was told his grievance was "'unfounded' meaning [Plaintiff] was lying." Dkt. 1 at 4-5. The next day, officers interviewed Plaintiff and again described his claims as "unfounded". Id. at 5. Plaintiff "fe[lt] they were trying to persuade him from moving forward" with his grievance. Id. "The Sergeants were trying to intimidate [Plaintiff] . . . in a corner and get [him] to drop [his] claims against [the] staff." Id.

On or around July 18, 2017, while searching Plaintiff's cell, Jane Doe "gro[ped] [Plaintiff's] buttocks in a very unprofessional manner and laugh[ed]". Dkt. 1 at 4. On

---

[2] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Plaintiff is unaware of the true names of the unnamed Doe defendants, Plaintiff will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing the deficiencies identified below. Plaintiff is cautioned that, if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

[3] Although Plaintiff describes his retaliation claim as a violation of his Fifth, Eighth, and Fourteenth Amendment rights, a retaliation claim falls under the First Amendment. Bordheim v. Cry, 584 F.3d 1262, 1969 (9th Cir. 2009) (holding prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so).

or around August 12, 2017, while searching Plaintiff's cell, John Doe "accompanied [by] Jane Doe" both "searched [Plaintiff and] grop[ed] [his] buttocks". Id.

Plaintiff seeks damages and injunctive relief to be relocated.[4]  Dkt. 1 at 6.

## III.

## **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook v.

---
[4]  The Court does not have authority to order Plaintiff be housed at a particular institution.  United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984).

3

1 | Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///
///

# IV.

# DISCUSSION

## A. THE COMPLAINT FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

### 2. Analysis

Here, the Complaint fails to state a Section 1983 claim against Defendants in their official capacity. Plaintiff does not allege any facts showing Defendants had a "policy or custom" that was the "moving force" behind any constitutional violation. See Graham, 473 U.S. at 166. In fact, Plaintiff appears to allege a "random act[] or [an] isolated event[]" in which Defendants violated Plaintiff's access to grievances and sexually harassed and abused him. See Thompson, 885 F.2d at 1444. Accordingly, Plaintiff's Section 1983 claims against Defendants in their official capacity are subject to dismissal.

## B. THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM OF SEXUAL HARASSMENT AGAINST DEFENDANTS MALDONADO AND AYALA

### 1. Applicable Law

The Eighth Amendment protects inmates from repetitive and harassing searches, and sexual abuse. Hudson v. Plamer, 468 U.S. 517, 530, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). In general, however, allegations of verbal harassment or abuse do not state a cognizable Section 1983 claim. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Mere verbal abuse and sexual comments, without more, do not result in an Eighth Amendment claim. Schwenk v. Hartford, 204 F.3d 1187, 1197-98 (9th Cir. 2000); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding directing vulgar language at prisoner does not state constitutional claim); Minifield v. Butikofer, No. C 02-0727 JSW, 298 F. Supp. 2d 900, 902-03 (N.D. Cal. 2004) (finding that sexual comments and gestures by two officers did not implicate the Eighth Amendment).

### 2. Analysis

Here, Plaintiff alleges defendants Maldonado and Ayala sexually harassed Plaintiff when they made "sexual remarks about [Plaintiff's] buttocks". Dkt. 1 at 3. However, claims of verbal abuse, without more, do not rise to the level of an Eighth

6

Amendment violation. See Schwenk, 204 F.3d at 1197-98. Accordingly, Plaintiff's claim against defendants Maldonado and Ayala for sexual harassment is subject to dismissal.

## C. THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT CLAIM AGAINST DEFENDANT TORRE

### 1. Applicable Law

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that [a prison official] took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of").

### 2. Analysis

Here, Plaintiff appears to allege defendant Torre acted in retaliation in violation of the First Amendment by trying to persuade Plaintiff to "drop [his] claims [in his grievance] against [prison] staff." Dkt. 1 at 5. However, Plaintiff's conclusory allegation that defendant Torre attempted to intimidate Plaintiff to rescind his grievance is insufficient to state a First Amendment retaliation claim. Specifically, Plaintiff has alleged no specific facts from which one can infer defendant Torre's alleged action was taken because of Plaintiff's protected conduct. See Rhodes, 408 F.3d at 567-68. Similarly, Plaintiff has alleged no specific facts describing what defendant Torre did or said that led Plaintiff to conclude defendant Torre was trying

7

to intimidate him.  Accordingly, Plaintiff's claim against defendant Torre is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 13, 2019

/s/ Kenly

HONORABLE KENLY KIYA KATO
United States Magistrate Judge