UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRUCE LEE GIPSON, | Case No. EDCV 19-197-R (KK) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| WEST VALLEY DETENTION RISK MANAGEMENT, ET AL., | |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Bruce Lee Gipson ("Gipson"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

**II.**

**PROCEDURAL HISTORY**

On January 10, 2019, Gipson, who is currently incarcerated at West Valley Detention Center in California, constructively filed[1] a Complaint against defendants

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

Deputy A. Maldonado, Deputy J. Ayala, Sergeant Della Torre, Deputy Jane Doe, and Deputy John Doe[2] ("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.") 1. In the Complaint, Gipson alleged Defendants, who are employed at West Valley Detention Center, retaliated against him and sexually harassed and abused him in violation of the First and Eighth Amendments. Id.

On February 13, 2019, the Court dismissed the Complaint with leave to amend for failure to state a claim. Dkt. 6.

On February 18, 2019, Gipson constructively filed the FAC against Defendants in their individual and official capacities. Dkt. 7. Gipson again alleges Defendants retaliated against him and sexually harassed and abused him in violation of the First and Eighth Amendments. Id. at 5. Gipson adds a Fourteenth Amendment claim against defendant Torre for failing to adequately investigate a prison grievance. Id.

In the FAC, Gipson alleges:

- Defendants Maldonado and Ayala made "sexual comments and gestures" about Gipson's "body parts making [him] a target for sexual behavior from other inmates";
- Defendant Torre "pressured [Gipson] into not filing complaints all the while doing botched investigations on said constitutional violations";
- Defendant Torre threatened Gipson by saying Gipson "better not appeal to [the lieutenant] or [Gipson is] going to find [him]self in hot water" and that

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to [Section] 1983 suits filed by pro se prisoners").

[2] "As a general rule, the use of 'John[/Jane] Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because Gipson is unaware of the true names of the unnamed Doe defendants, Gipson will be given the opportunity to discover the names of the Doe defendants after he files a complaint curing the deficiencies identified below. Gipson is cautioned that, if he is unable to timely identify the Doe defendants, the claims against the Doe defendants will be subject to dismissal because the Court will not be able to order service against defendants who are unidentified. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

|   |   |
|---|---|
| 1 | if Gipson contacted "crisis hotline about the matter [he would] be |
| 2 | disciplined"; and |
| 3 | • Defendants John Doe and Jane Doe "groped [Gipson's] buttocks in an |
| 4 | unprofessional way, [] setting the stage for sexual assaults and unwanted |
| 5 | advances from fellow inmates". |

Dkt. 7 at 5. Gipson does not specify when these events occurred. See id.

Gipson requests "the Court impose the proper relief". Dkt. 7 at 6.

### III.

### **STANDARD OF REVIEW**

When a plaintiff proceeds in forma pauperis, a court must screen the complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Olvas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017) (observing that if a plaintiff is a prisoner at the time he files his complaint, screening is required under 28 U.S.C. § 1915A).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.

3

2011). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, a court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

4

# IV.

# DISCUSSION

## A. THE FAC FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

### 1. Applicable Law

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations omitted). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

///

**2. Analysis**

Here, the FAC fails to state a Section 1983 claim against Defendants in their official capacity. Gipson does not, however, allege any facts showing West Valley Detention Center had a "policy or custom" that was the "moving force" behind any of Defendants' constitutional violations. See Graham, 473 U.S. at 166. In fact, Gipson appears to allege random acts or isolated events in which Defendants hindered Gipson's access to grievances and sexually harassed and abused him. See Thompson, 885 F.2d at 1444. Accordingly, Gipson's Section 1983 claims against Defendants in their official capacity are again subject to dismissal.

**B. THE FAC FAILS TO STATE AN EIGHTH AMENDMENT CLAIM OF SEXUAL HARASSMENT AGAINST DEFENDANTS MALDONADO AND AYALA**

**1. Applicable Law**

The Eighth Amendment protects inmates from repetitive and harassing searches and sexual abuse. Hudson v. Plamer, 468 U.S. 517, 530, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). In general, however, allegations of verbal harassment or abuse do not state a cognizable Section 1983 claim. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Verbal abuse and sexual comments, without more, do not result in an Eighth Amendment claim. Schwenk v. Hartford, 204 F.3d 1187, 1197-98 (9th Cir. 2000); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding directing vulgar language at prisoners does not state a constitutional claim).

**2. Analysis**

Here, Gipson alleges defendants Maldonado and Ayala sexually harassed Gipson when they "made sexual comments and gestures about [his] body parts". Dkt. 7 at 5. However, claims of verbal abuse, without more, do not rise to the level of an Eighth Amendment violation. See Schwenk, 204 F.3d at 1197-98; Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) (finding female guards "gawking, pointing, and laughing" at naked male inmates while they were showering did not

violate the Eighth Amendment). Accordingly, Gipson's claim against defendants Maldonado and Ayala for sexual harassment is again subject to dismissal.

**C.    THE FAC FAILS TO STATE A FIRST AMENDMENT CLAIM AGAINST DEFENDANT TORRE**

**1.    Applicable Law**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a plaintiff must allege five elements: "(1) An assertion that [a prison official] took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (observing a plaintiff "must show that there were no legitimate correctional purposes motivating the actions he complained of").

Under the first element, a plaintiff need not allege that the retaliatory action, in itself, violated a constitutional right. Pratt, 65 F.3d at 806. Even an allegation of a "mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." Bordheim v. Cry, 584 F.3d 1262, 1270-71 (9th Cir. 2009) (emphasis in original) ("[T]he power of a threat lies not in any negative actions eventually taken, but in the apprehension it creates in the recipient of the threat[.]").

To meet the second element, retaliatory motive, a plaintiff must allege facts showing his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. Bordheim, 584 F.3d at 1269, 1271.

7

A plaintiff's First Amendment right to file prison grievances is protected activity sufficient to satisfy the third element. Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).

Under the fourth element, a plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that the defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (citation and internal quotation marks omitted). "A plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Rhodes, 408 F.3d at 567 & n.11.

Lastly, regarding the fifth element, a plaintiff must allege "the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994).

### 2. Analysis

Here, Gipson again appears to allege defendant Torre retaliated against him by trying to persuade him to not file or appeal grievances. Dkt. 7 at 5. However, Gipson's allegation that defendant Torre intimidated Gipson to not file or appeal his grievances by saying "[Gipson] is going to find [him]self in hot water" is too vague to establish "adverse action" necessary for a First Amendment retaliation claim. See Bordheim, 584 F.3d at 1270-71. Moreover, Gipson has alleged no facts from which one can infer defendant Torre's vague statement "chilled" Gipson's exercise of his First Amendment rights or caused him to suffer a "more than minimal" harm. See Rhodes, 408 F.3d at 567-68; compare Gleason v. Franklin, No. CV 15-8380-CBM (DFM), 2017 WL 3203404, at *5 (C.D. Cal. May 16, 2017) report and recommendation adopted, 2017 WL 3197226 (C.D. Cal. July 26, 2017) (finding that specific threats of "knocking [plaintiff] out" and filing a false rules violation report against plaintiff for filing a grievance were sufficient to allege a chilling effect); with Chung Chung Kao v. Vela, No. CV 09-2841 ABC (RZx), 2013 WL 12182032, at *4

1  (C.D. Cal. Jan. 18, 2013) (analyzing defendant's statement "[y]ou're in trouble now" to
2  plaintiff after he pursued a grievance was not "concrete" enough to demonstrate
3  retaliation in violation of the First Amendment). Accordingly, Gipson's First
4  Amendment claim against defendant Torre is again subject to dismissal.

## D. THE FAC FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANT TORRE

### 1. Applicable Law

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). However, a plaintiff has no constitutional entitlement to have his prison grievances or appeals handled or decided in a particular manner. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Specifically, a plaintiff has no actionable claim for failure to investigate a grievance. See Randle v. Melendrez, No. CV 16-2342 MWF (AJW), 2017 WL 1197864, at *4 (C.D. Cal. Feb. 17, 2017) report and recommendation adopted, 2017 WL 1199719 (C.D. Cal. Mar. 30, 2017); see also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### 2. Analysis

Here, Gipson appears to allege defendant Torre "botched" an investigation for Gipson's prison grievance in violation of the Fourteenth Amendment. Dkt. 7 at 5. Gipson, however, does not have an actionable claim against defendant Torre for his failure to handle or decide a grievance in a particular manner. See Mann, 855 F.2d at 640; Randle, 2017 WL 1197864, at *4. Accordingly, Gipson's Fourteenth Amendment claim against defendant Torre is subject to dismissal.

///
///
///

# V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the Complaint, the FAC, or any other pleading, attachment, or document. Hence, in an amended complaint, Plaintiff should clearly state:

1) What actions were committed by each alleged defendant;
2) When and where the alleged actions were committed by each defendant;
3) In which capacity Plaintiff wishes to sue each defendant;
4) What harm resulted from the alleged actions by each defendant; and,
5) What statute or constitutional right was violated because of the alleged actions by each defendant.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff**

**leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: March 07, 2019

*/s/ Kenly Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge